

# The Attorney General of Texas

October 19, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable George W. McNiel, C.P.A.
State Auditor
Sam Houston Office Building
Austin, Texas   78711

Opinion No. MW-518

Re:  Whether student services
listed in section 54.503 of
the Texas Education Code may
be funded with appropriated
funds

Dear Mr. McNiel:

You request our opinion concerning the funding of student services. Section 54.503 of the Texas Education Code defines student services as follows:

> (a)  For the purposes of this section, 'student services' means activities which are separate and apart from the regularly scheduled academic functions of the institution and directly involve or benefit students, including textbook rentals, recreational activities, health and hospital services, medical services, automobile parking privileges, intramural and intercollegiate athletics, artists and lecture series, cultural entertainment series, debating and oratorical activities, student publications, student government, and any other student activities and services specifically authorized and approved by the governing board of the institution of higher education. The term does not include services for which a fee is charged under another section of this code.

Section 54.503(b) authorizes the governing board of an institution of higher education to collect from students fees to cover the cost of student services. You wish to know whether, and to what extent, legislative appropriations for educational and general purposes may be used to support student services activities.

We find no general law which bars the expenditure of appropriated funds on student services as defined by section 54.503(a) of the

Education Code.  However, the following appropriations act provision is relevant to your question:

> 'Elements of Institutional Cost.'  The costs included in the various items appearing in the appropriations for the several academic institutions shall be considered to be all costs, including salaries, for those functions or activities in 'Definitions of the Elements of Institutional Costs,' Supplement A, of the detailed instruction for preparing and submitting requests by the general academic teaching institutions for legislative appropriations for the biennium ending August 31, 1983, published jointly by the Legislative and Executive Budget Offices unless otherwise provided by the terms of this Act.  Bond premiums, Workmen's Compensation Insurance Fund operations, Unemployment Compensation Benefits, insurance premiums where authorized by law, and major repair and rehabilitation of buildings and facilities, in addition to those specifically listed in line items, may be purchased from appropriated funds.

Acts 1981, 67th Leg., ch. 875, art. III, §4b, at 3717.  The "Definitions of the Elements of Institutional Costs" referred to in this provision states in considerable detail what constitutes "elements of institutional costs."  It also states as follows:

> Excluded from these elements and definitions are student services for which the Legislature has authorized fees under Section 54.503, Vernon's Texas Education Code, and all auxiliary enterprise operations and costs related thereto.

Executive and Legislative Budget Offices, Instructions for Preparing and Submitting Appropriations Requests for Fiscal Years 1982 and 1983, Agencies of Higher Education: General Academic Teaching Institutions, at 4.  In our opinion, article III, section 4b of the current appropriations act bars the expenditure of appropriated funds on student services as defined by section 54.503, Education Code, unless otherwise provided by the terms of the General Appropriations Act.

You also ask whether constitutional ad valorem tax funds may be used to construct facilities which in part provide student services. Article VII, section 17 of the constitution establishes an ad valorem tax fund for the construction of college buildings.  The constitution expressly provides that "none of the proceeds of this tax shall be used for auxiliary enterprises."

As noted in Attorney General Opinion H-1248 (1978), the language forbidding the use of article VII, section 17 proceeds for auxiliary enterprises was added to the constitution in 1965. See Senate Joint Resolution No. 24, Acts 1965, 59th Leg., at 2197. The same legislative session which proposed the constitutional amendment included the following provision in the Higher Education Coordinating Act of 1965:

> 'Educational and general buildings and facilities' means buildings and facilities essential to or commonly associated with teaching, research, or the preservation of knowledge. Excluded are auxiliary enterprise buildings and facilities, including but not limited to dormitories, cafeterias, student union buildings, stadiums, and alumni centers.

Acts 1965, 59th Leg., ch. 12, §1, at 29 (codified at Educ. Code §61.003(13)). This contemporaneous usage of the term "auxiliary enterprises" indicates the meaning of that language as it appears in article VII, section 17 of the constitution. See Code Construction Act, V.T.C.S. art. 5429b-2, §2.01; Michael v. Michael, 79 S.W. 74 (Tex. Civ. App. 1904, no writ) (language should be given meaning with which it was used by legislature).

We note that section 61.003(13) distinguishes between buildings for auxiliary enterprise and buildings "essential to or commonly associated with teaching, research, or the preservation of knowledge." We believe this distinction further indicates that funds raised pursuant to article VII, section 17 may only be spent for buildings essential to or commonly associated with teaching, research, or the preservation of knowledge. In certain clear-cut cases this office has been able to inform you whether or not certain projects may be constructed with constitutional ad valorem tax funds. However, in other cases, factual considerations are relevant to the question of whether a building is "essential to or commonly associated with teaching, research, or the preservation of knowledge." (Emphasis added). Since factual questions cannot be investigated and resolved by means of an Attorney General Opinion, we cannot state a general rule that would answer your question as to whether article VII, section 17 forbids the use of state ad valorem tax funds for each of the student services itemized in article 54.503(a) of the Texas Education Code.

## S U M M A R Y

A rider to the current appropriations act prevents the expenditure of legislative

appropriations for the student services defined in section 54.503 of the Texas Education Code.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Rick Gilpin
Jim Moellinger